United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REY REY PRODUCE SFO, INC., | No. C-05-4502 CW (EMC) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| MARIA MENDOZA, | |
| Defendant. | **(Docket No. 18)** |
| _____/ | |

Plaintiff Rey Rey Produce SFO, Inc. ("Rey Rey"), moves for default judgment against Defendant Maria Mendoza, an individual doing business as Gary's Produce ("Mendoza"). Default was entered by the Clerk of the Court on December 7, 2005, and Plaintiff's motion for default judgment was filed on January 4, 2006. Because Defendant has not appeared in this action and has not consented to the jurisdiction of the undersigned, the Court issues this report and recommendation on this dispositive motion. Having considered all of the papers and evidence submitted therewith, the Court hereby recommends that the motion for default judgment be **GRANTED IN PART**.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

In a series of transactions between June 25, 2004, and June 10, 2005, Plaintiff Rey Rey Produce sold and shipped perishable agricultural commodities to Defendant Mendoza. Reynoso

1  Decl., ¶ 8.  Defendant agreed to pay Plaintiff a total of $6,112.50.[1]  Botta Supp. Decl., ¶ 6.  At the
2  time of each transaction, Plaintiff forwarded invoices to Defendant.  Reynoso Decl., ¶ 9.  Plaintiff
3  repeatedly demanded that Defendant pay the amounts due, but Defendant has not paid any part of
4  the sum due.  Botta Supp. Decl., ¶ 8.  Plaintiff's invoices contain language allowing it to recover its
5  attorney's fees and costs and pre- and post-judgment finance charges at the rate of 18 percent per
6  annum.  Reynoso Decl., Exh. 1.  Plaintiff claims attorney's fees and costs of $953.32 and pre-
7  judgment finance charges of $1,111.83.  Botta Supp. Decl., ¶ 13.  The total claim is therefore for
8  $8,177.65 plus post-judgment finance charges at the rate of 18 percent per annum.  Botta Supp.
9  Decl., ¶ 13.

Plaintiff alleges that pursuant to the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499e(c)(1)-(4), Plaintiff became the beneficiary of a floating, non-segregated statutory trust on all of Defendant's perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

On November 4, 2005, Plaintiff filed suit for (1) breach of contract, (2) enforcement of statutory trust provisions under PACA, (3) failure to account and pay promptly in violation of PACA, and (4) declaratory relief establishing Plaintiff's superior right to the PACA trust funds. Defendant did not respond to the Complaint.  Plaintiff moved for entry of default on December 5, 2005, and the Clerk of the Court filed entry of default on December 7, 2005.  Plaintiff gave notice to Defendant of its motion for default judgment on January 4, 2006, via U.S. mail.  Defendant did not respond.

## II. DISCUSSION

A. Adequacy of Service of Process

In deciding whether to grant or deny a default judgment, a court must first "assess the adequacy of the service of process on the party against whom default is requested." *Board of*

---

[1] Initially, Plaintiff claimed Defendant agreed to pay a total sum of $6,472.50.  Reynoso Decl., ¶ 6.  After failing to locate an invoice for one $360 transaction, however, Plaintiff reduced the total sum by that amount, for a revised total of $6,112.50.  Botta Supp. Decl., ¶¶ 4, 6.

1  *Trustees of the N. Cal. Sheet Metal Workers v. Peters*, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS
2  19065, at *2 (N.D. Cal. Jan. 2, 2001).  Plaintiff's Proof of Service states that a copy of the Summons
3  and Complaint addressed to "Maria Mendoza, an individual doing business as Gary's Produce" was
4  left with Mendoza at 36894 Hafner Street, Newark, California, 94560, on November 9, 2005.  *See*
5  Docket No. 5.  As Mendoza was personally served with a copy of the Summons and Complaint,
6  service of process was properly effected under Rule 4(e)(2).

7  B.     Entry of Default

8       Once a defendant has been properly served, he has 20 days after service within which to
9  answer the complaint.  Fed. R. Civ. P. 12(a)(1)(A).  This time period is measured from the date
10 service was effective.

11      Plaintiff personally served Defendant on November 9, 2005.  Defendant then had 20 days to
12 answer; the answer was due November 29, 2005.  Plaintiff filed a motion for entry of default on
13 December 5, 2005, and the Clerk of the Court filed entry of default on December 7, 2005.  The
14 Defendant is not a minor or incompetent person, or in military service or otherwise exempted under
15 the Soldiers' and Sailors' Civil Relief Act of 1940, 50 App. U.S.C. § 521.  Botta Decl., ¶ 12.

16      Because Defendant did not file or serve an answer with the requisite 20 days, Plaintiff's
17 motion for entry of default, and the Clerk's entry of default, were proper.

18 C.     Default Judgment and *Eitel* Factors

19      After entry of a default, a court may grant a default judgment on the merits of the case.  *See*
20 Fed. R. Civ. P. 55.  "The district court's decision whether to enter a default judgment is a
21 discretionary one."  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Factors that a court may
22 consider in exercising that discretion include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

27 *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

1  A default judgment may be refused where the court determines no justifiable claim has been
2 alleged or that a default judgment is inappropriate for other reasons. *See Draper v. Coombs*, 792
3 F.2d 915, 924 (9th Cir. 1986) (holding that district court did not abuse its discretion in denying
4 default judgment when defendant's answer was late but did not prejudice plaintiff); *Aldabe*, 616
5 F.2d at 1092-1093 (holding that district court did not abuse its discretion in denying default
6 judgment against defendants who failed to answer because plaintiff's substantive claims lacked
7 merit).

8  Here, the *Eitel* factors support a default judgment.

9  1. <u>The Possibility of Prejudice to Plaintiff if the Default Judgment is not Entered</u>

10  Plaintiff would suffer prejudice if default judgment were not entered, because it would lack
11 other means to recover the money due. *See Elektra Entertainment Group, Inc. v. Bryant,* No. CV
12 03-6381GAF(JTLX), 2004 WL 783123, at *3 (C.D. Cal. February 13, 2004) (noting that a plaintiff
13 is prejudiced under this factor when he lacks other recourse for recovery).

14  2. & 3.  <u>The Merits of Plaintiff's Substantive Claims; the Sufficiency of the Complaint</u>
15  These *Eitel* factors "require that a plaintiff state a claim on which [he] may recover." *Elektra*
16 *Entertainment Group*, 2004 WL 783123, at *3.  In order to weigh these two factors, the Court must
17 review Plaintiffs' claims. *Id*.

18  Plaintiff pleads four causes of action: (1) breach of contract, (2) enforcement of statutory
19 trust provisions under PACA, (3) failure to account and pay promptly in violation of PACA, and (4)
20 declaratory relief establishing Plaintiff's superior right to the PACA trust funds.  Defendant did not
21 respond to the Complaint.[2]  This Court has jurisdiction over the complaint under 28 U.S.C. § 1331
22 since the causes of action under PACA raises a federal claim.  Supplemental jurisdiction obtains
23 over the contract cause of action.  28 U.S.C. § 1367.

24  As to the first cause of action, under California law the elements of a breach of contract
25 claim are (1) the existence of a contract, (2) breach, and (3) damages. *See Law Offices of Dixon R.*
26 *Howell v. Valley*, 129 Cal.App.4th 1076, 1092 (Cal. Ct. App. 2005) (*quoting Coyne v. Krempels*, 36

---

[2] Because Plaintiff's Request for Default Judgment Against Defendant does not seek declaratory relief, this memo evaluates the sufficiency of the first three causes of action but not the fourth.

-4-

Cal.2d 257, 261-62 (1950)).  Here, Plaintiff has pleaded facts sufficient to make out a claim for breach of contract.  The Complaint states unequivocally that the parties had an agreement by which Rey Rey sold and shipped perishable agricultural commodities to Mendoza in exchange for Mendoza paying Rey Rey an aggregated sum of $6,112.50.  Botta Supp. Decl., ¶¶ 6, 8.  The agreement(s) constitutes a contract or series of contracts.  Mendoza, in turn, breached the contracts by accepting delivery of the perishable agricultural commodities but failing to pay the sums due.  Reynoso Decl., ¶ 11-12.  Consequently, Rey Rey suffered damages in the cumulative amount of $6,112.50, plus prejudgment interest of $1,111.83 and attorney's fees and costs of $953.32 (as provided in the invoices in the normal course of Rey Rey's business), bringing the total claimed damages to $8,177.65.  Botta Supp. Decl., ¶ 13 and Exh. 1.

Rey Rey's state law claim for breach of contract is not pre-empted by PACA, which does not "in any way abridge or alter the remedies now [on June 10, 1930] existing at common law or by statute."  7 U.S.C. § 499e(b).  Therefore, these facts state a claim for breach of contract or contracts.  Plaintiff's claim is meritorious and the Complaint is sufficient in stating a claim for breach.  *See Cripps v. Life Ins. Co. of No. America*, 980 F.2d 1261, 1267 (9th Cir. 1992) (well-pleaded allegations in the complaint are admitted by defendant's failure to respond).

Because the second and third causes of action arise from the same facts and both seek an order enforcing the PACA trust provisions, the two PACA causes of action are considered together.  Both causes of action seek an order requiring Defendant to immediately account for and pay all PACA trust assets to Plaintiff in the cumulative amount of $6,112.50, in addition to interest at 18 percent per annum, attorney's fees, and costs.  PACA requires produce buyers to "make full payment promptly."[3]  7 U.S.C. § 499b(4); *Maui Land & Pineapple Co. v. Hamada*, 2000 U.S. Dist. LEXIS 11252 (N.D. Cal. Aug. 2, 2000), at *1.  The buyer's failure to do so renders him liable for "the full amount of damages . . . sustained in consequence of such violation."  7 U.S.C. § 499e(a).  PACA, meanwhile, mandates that a produce buyer must hold in trust all receivables or proceeds from the sale of perishable agricultural commodities for the benefit of unpaid suppliers.  7 U.S.C. §

---

[3] Pursuant to regulations promulgated by the Secretary of Agriculture, payment is due within 10 days after the day on which the produce is accepted.  7 C.F.R. § 46.2(aa)(5).

499e(c); *Hamada*, 2000 U.S. Dist. LEXIS 11252 at *2.  The PACA trust commences upon delivery of the produce and continues until full payment is made.  *Id*.  To preserve the benefits of the trust, however, the unpaid seller must give written notice of that intent.  7 U.S.C. § 499e(c)(3).  Such notice may appear on "ordinary and usual billing or invoice statements."  7 U.S.C. § 499e(c)(4).  In that event, the face of the statement must contain the following: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."  7 U.S.C. § 499e(c)(4).

Hence, the elements of the PACA claims are: (1) a business engaged in selling and/or shipping perishable agricultural commodities as defined in 7 U.S.C. § 499a(b), (2) delivery of perishable agricultural commodities, (2) creation of the statutory trust, (3) notice of intent to preserve the benefits of the trust, and (4) buyer's failure to make prompt payment in full.  Here, all five elements are satisfied.  Plaintiff is engaged in the business of shipping and selling perishable agricultural commodities.  Reynoso Decl., ¶ 6.  Rey Rey delivered the produce, which automatically gave rise to the statutory trust.  Reynoso Decl., ¶ 8.  Rey Rey further gave notice of its intent to preserve the benefits of the trust by including a verbatim recitation of the statutory language on the invoices sent to Mendoza.  Reynoso Decl., ¶ 13, Exh. 1; Botta Decl., ¶ 6.  Finally, Mendoza failed to make prompt payment in full, leaving as damages the principal amount of $6,112.50, plus the above-mentioned prejudgment interest, attorney's fees, and costs.  Botta Supp. Decl., ¶¶ 8, 13.  Given that these elements have been satisfied, Plaintiff is entitled to a finding that it is entitled to relief under PACA requiring Defendant to account for and pay all trust assets to Plaintiff.

4.      <u>The Sum of Money at Stake in the Action</u>

Pursuant to the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003) (internal citations omitted) (noting that defendant's willful infringement of plaintiff's trademarks justified the imposition of a substantial $2 million

award); *Eitel*, 782 F.2d at 1471 (9th Cir. 1986).  In the instant case, the total amount of judgment sought by Rey Rey is $8,177.65, which consists of damages in the cumulative amount of $6,112.50, plus prejudgment interest of $1,111.83 and attorney's fees and costs of $953.32.  Botta Supp. Decl., ¶ 13.  PACA supports a right to attorney's fees and interest as part of a statutory trust claim.  *Middle Mountain Land and Produce, Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220, 1223 (9th Cir. 2002).  So does the contract itself.  The invoices sent to Mendoza state that "Buyer Agrees to Pay Reasonable Attorney's Fees if Collection in (sic) Necessary."  Reynoso Decl., Exh. 1.  Given that Rey Rey has provided receipts documenting the unpaid-for deliveries of produce, and considering that PACA supports a contractual and statutory right to attorney's fees, this factor weighs in favor of granting a default judgment.  Reynoso Decl., Exh. 1-3.

     5.     <u>The Possibility of a Dispute Concerning Material Facts</u>

"Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages."  *Elektra Entertainment*, 2004 WL 783123, at *4 (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987)).  If the plaintiff has filed a well-pleaded complaint alleging facts sufficient to support his claim, and the clerk has entered default, the court presumes no factual dispute exists.  *Id.*  Rey Rey's complaint alleges facts sufficient to support a claim, the clerk entered default, and the defendant has not answered; therefore, the court may presume no dispute exists.  This factor supports a default judgment.

     6.     <u>Whether the Default was Due to Excusable Neglect</u>

Usually, a court will ask whether the failure to answer is due to excusable neglect.  *See Eitel*, 728 F.2d at 1472 (noting that the fact that the parties were engaged in settlement negotiations excused defendant from failing to answer).  "Due process requires that all interested parties be given notice reasonably calculated to apprise them of the pendency of the action and be afforded an opportunity to present their objections before a final judgment is rendered."  *Elektra Entertainment*, 2004 WL 783123, at *5 (citing *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314 (1950)).  In *Elektra Entertainment*, the Court held there was no excusable neglect when the defendant had been properly notified of both the complaint and the entry of default and had failed to answer and to oppose the motion for default.  *Id.*  Similarly, no excusable neglect is apparent in this case.  As

1  discussed above, Rey Rey served Mendoza with the Summons and Complaint on November 9, 2005.
2  Rey Rey moved for entry of default on December 5, 2005, and Plaintiff gave notice to Defendant of
3  its motion for default judgment on January 4, 2006, via U.S. mail. *See* Docket No. 22. Mendoza's
4  failure to respond is not due to excusable neglect.

       7.     <u>The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits</u>

Generally, default judgments are disfavored because "cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, because a discretionary standard is applied, default judgments are more often granted than denied. *See PepsiCo v. TriunfoMex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)); *Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 367 (7th Cir. 1983).

In this case, because Rey Rey has filed a well-pleaded complaint and served notice of the Complaint and entry of default on Mendoza, who has failed to respond, the Court should grant Rey Rey's motion for default judgment.

D.    <u>Damages</u>

Because default judgment is warranted, the Court must determine what damages are appropriate. Plaintiff has the burden of "proving up" its damages. *See Board of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.*, 380 F.Supp.2d 1222, 1226 (N.D. Cal. 2005) ("Plaintiff has the burden of proving damages through testimony or written affidavit.").

Under 7 U.S.C. § 499e(a), a buyer who fails to pay for perishable agricultural commodities "shall be liable to the person or persons injured thereby for the full amount of damages . . . sustained in consequence of such violation." Here, Rey Rey seeks damages of $6,112.50. Botta Supp. Decl., ¶¶ 4-8. This amount represents the sum of six deliveries of perishable agricultural commodities for which Mendoza never paid. Reynoso Decl., Exh. 2; Botta Supp. Decl., ¶ 8. Plaintiff has submitted invoices totaling $5,389. Plaintiff seeks an additional $723.50 in damages, due to a check from Mendoza that was returned on account of insufficient funds. Reynoso Decl., Exh. 2; Botta Supp. Decl., ¶ 5, Exh. 1. This dishonored check was for a previous purchase of produce. Botta Supp. Decl., ¶ 5. Although Plaintiff provides no receipt or invoice for this particular transaction, it has

1 provided evidence that its practice has been to include invoices with the required statutory language.
2 Reynoso Decl., ¶ 13; Botta Supplemental Decl., ¶ 6. Absent any evidence to the contrary, Plaintiff
3 has proven the $723.50 should be included in its damage claim. Damages thus total $6,112.50.

E. <u>Prejudgment Interest</u>

PACA supports a contractual right to interest as part of a statutory trust claim. *Middle Mountain Land and Produce, Inc.* 307 F.3d at 1223. In *Middle Mountain*, a supplier of agricultural products sought the amounts due on unpaid invoices, including interest. *Id*. at 1222. The moving party based its entitlement to interest on language included in each of the invoices that it sent to the buyer. *Id*. The Ninth Circuit held that, if valid, the supplier's contractual claim for interest was within the scope of the language "full payment of the sums owing *in connection with* perishable agricultural commodities transactions" within 7 U.S.C. § 499e(c)(2). *Id*. at 1222-23 (emphasis in original). The court also concluded that, absent an enforceable contract, "a district court may award reasonable prejudgment interest to PACA claimants if such an award is necessary to protect the interests of PACA claimants." *Id*. at 1226.

Here, Rey Rey seeks prejudgment interest of $1,111.83. Botta Supp. Decl., ¶ 13. Rey Rey's invoices state that "A Service Charge of 1 1/2% Per Month at the Annual Percentage Rate of 18% Will be Charged on All Accounts Not Paid Within 30 Days." Reynoso Decl., Exh. 1. Therefore, Rey Rey is entitled to prejudgment interest, at 18 percent per annum, on the $6,112.50 in damages that it is entitled to recover. Such an award is necessary to protect the interests of PACA claimants. As shown in the table below, the Court calculated the amount of interest due on the $6,112.50 in damages as $1,201.38 (as of May 8, 2006). Botta Supp. Decl., Exh. 2. The Court founds this amount reasonable and accordingly recommends awarding $1,201.38 in interest.

///
///
///
///
///
///

| Principal Loan Amount and Date | Days Elapsed (as of May 8, 2006) | Interest Due Daily | Total Interest Due |
|---|---|---|---|
| $723.50 (9/07/2004) | 608 | $0.3568 | $216.93 |
| $1,618 (04/01/2005) | 402 | $0.7979 | $320.76 |
| $973 (05/13/2005) | 421 | $0.4798 | $202.00 |
| $1,843 (06/03/2005) | 339 | $0.9089 | $308.12 |
| $72 (06/03/2005) | 339 | $0.0355 | $12.03 |
| $883 (06/17/2005) | 325 | $0.4355 | $141.54 |
| TOTAL: $6,112.50 | | | $1,201.38 |

F.  Costs and Attorney's Fees

Rey Rey seeks attorney's fees and costs of $953.32. Botta Supp. Decl., ¶ 13. PACA supports a contractual right to attorney's fees as part of a statutory trust claim. *Middle Mountain Land and Produce, Inc.* 307 F.3d at 1223. Here, the statement on Rey Rey's invoices that "Buyer Agrees to Pay Reasonable Attorney's Fees if Collection in (sic) Necessary" creates an enforceable contract, bringing the attorney's fees and costs within the scope of PACA. The fees are reasonable because they arise from only two hours of work at $295 an hour, for a total attorney fee amount of $590. Botta Supp. Decl., ¶ 11. The costs consist of a $250 filing fee, a $101.75 process server fee, and $11.57 for computerized legal research to locate and validate the address for service of process on Defendant. Botta Supp. Decl., ¶ 11. These costs are similarly reasonable. Therefore, the Court should award attorney's fees and costs totaling $953.32.

### III.  RECOMMENDATION

For the foregoing reasons, the Court recommends **GRANTING IN PART** Rey Rey's motion for default judgment, entitling Plaintiff to $6,112.50 in damages, $1,201.38 in prejudgment interest, and $953.32 in attorney's fees and costs, for a total award of $8,267.20.

Dated: May 8, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge

-10-